```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**LEROY TOWNSEND,**

    **Plaintiff,**

**v.**                                              **Civil Action No. 1:16cv38**
                                                         **(Judge Keeley)**

**JOSE RIVERA, Unit Manager, and**
**LT. JOHN SQUIRES, SIS Officer,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

Pending before the Court is the Report and Recommendation by United States Magistrate Judge James E. Seibert recommending dismissal of the complaint filed by the pro se plaintiff Leroy Townsend ("Townsend"). For the reasons that follow, the Court **ADOPTS** the Report and Recommendation, **OVERRULES** Townsend's objections, and **DISMISSES** the complaint **WITHOUT PREJUDICE**.

**I. BACKGROUND**

Townsend, who is an inmate at FCI Hazleton in Bruceton Mills, West Virginia, filed a Bivens[1] complaint on March 14, 2016.[2] The Court referred this matter to Magistrate Judge Seibert for initial

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Townsend inadvertently filed his complaint on a court-approved form complaint for a state civil rights action pursuant to 42 U.S.C. § 1983. Nonetheless, because he is raising claims against federal actors, his claims are Bivens claims and the Court construes them as such.

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. In his complaint, Townsend alleged that his right to privacy was violated by Bureau of Prisons ("BOP") staff at FCI Hazleton, specifically, his personal identifying information had been disclosed to another inmate during the course of a class called "Managing Credit" (dkt. no. 1-2).[3] As a result of this, Townsend's credit had been "tampered with"; as a consequence, he seeks damages of "$75,000.00 per defendant to pay for credit monitoring and credit repair . . . [and] an additional $75,000.00 per defendant for emotional distress and violations of the Constitution." Id. at 9. The defendants moved to dismiss the claim, and Townsend filed a response in opposition.

In his R&R, Magistrate Judge Seibert recommended that the Court grant the defendants' motion to dismiss. He also recommended that, because so much time has elapsed that Townsend cannot now seek those administrative remedies under the BOP's procedure, the complaint should be dismissed with prejudice.[4] Id. Further,

---

[3]Townsend has not specified a date on which this alleged incident occurred. He has, however, provided a copy of the Certificate of Completion for the "Managing Credit" class which is dated November 12, 2015 (Dkt. No. 1-7).

[4]The R&R noted that Townsend did not appeal his first grievance, Remedy #851017-F1, past the BP-9 level, which he would

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

Magistrate Judge Seibert recommended that the Court deny as moot Townsend's motion for default judgment. Townsend filed timely objections to the R&R.

## II. STANDARD OF REVIEW

This Court is obligated to conduct a de novo review of those portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). However, it need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Anccident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

---

have had to do within 20 days of the denial. His second grievance, Remedy #861938-R1, was marked "sensitive" and sent directly to the Mid-Atlantic Regional Office. The Regional Office rejected that grievance as "sensitive," which required Townsend to pursue the grievance through the Warden at his facility, which he did not do.

**TOWNSEND V RIVERA, ET AL.** 1:16CV38

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

### III. DISCUSSION

The R&R concludes that Townsend failed to exhaust his administrative remedies because he failed to appeal to all available levels of the BOP's four-step administrative process[5]. According to Magistrate Judge Seibert, his review of the record not only supports the defendants' contentions that Townsend filed two separate administrative complaints regarding staff misconduct with respect to his identity theft claims, but also reflects that Townsend failed to exhaust fully either of them. Magistrate Judge Seibert further concluded that Townsend's failure to exhaust all administrative remedies cannot be excused.

In his objection, Townsend fails to identify specific objections to the findings of the R&R. Rather, he generally states that the "additional relief sought can only be provided through the Court [and] the additional (BP) steps would be futile" (dkt. no.

---

[5]The BOP provides a four-step administrative process beginning with an attempt at informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9) within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days. See 28 C.F.R. § 542.10, et seq.

**TOWNSEND V RIVERA, ET AL.** 1:16CV38

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

58). Townsend, however, does not specifically refute Magistrate Judge Seibert's conclusions that he has not exhausted the administrative remedy process within the BOP, nor does he provide a legal or factual basis for contesting the R&R's conclusion that exhaustion is mandatory. Instead, it appears he simply does not like the outcome in his case, as he provides no basis, legal or factual, for why exhaustion would be futile. In essence, all Townsend has done is baldly to reassert the argument he previously presented to the magistrate judge. See Dkt. No. 56 at 12-13. Consequently, the Court will not review Townsend's futility argument de novo.

Furthermore, any argument that the relief Townsend seeks can only be provided through the courts is without merit inasmuch as he has failed to exhaust his available administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is similarly subject to exhaustion. Porter v. Nussle, 534 U.S. 516,

5

**TOWNSEND V RIVERA, ET AL.**                                      1:16CV38

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

524 (2002). Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," and is required even when the relief sought is not available. Booth, at 741. Therefore, the exhaustion requirement under the PLRA is applicable to Townsend's complaint alleging violations of his right to privacy. Consequently, because Townsend has failed to exhaust all administrative remedies, the Court overrules his objections.

## IV. CONCLUSION

For the reasons discussed, the Court:

- **ADOPTS** the R&R in its entirety (dkt. no. 56);

- **OVERRULES** Townsend's objections (dkt. no. 58);

- **GRANTS** the defendants' motion to dismiss (dkt. no. 44);

- **DENIES AS MOOT** Townsend's motion for default judgment (dkt. no. 36); and

- **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE**[6] and

---

[6]Although the R&R recommends dismissal with prejudice based on Townsend's failure to appeal the BOP decisions within the time allowed, Townsend is a pro se filer, and the Court must construe his claims liberally. See U.S. v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012) (citing Boag v. MacDougall, 454 U.S. 364 (1982) (per curiam)). Accordingly, the Court dismisses this case without prejudice to Townsend's pursuit of any remaining administrative remedies that may be available through the BOP.

**TOWNSEND V RIVERA, ET AL.**                                    **1:16CV38**

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION [DKT. NO. 56] AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE [DKT. NO. 1]**

**STRICKEN** from the Court's active docket.

It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this Memorandum Opinion and Order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

Dated: June 29, 2017

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE